FILED - GR

04 SEP 17  AM 9: 35

RONALD C. WESTON SR. CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT MICH
BY_____

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

UNITED STATES OF AMERICA                    :

      v.                                                      :          **No. 04-CV-_____**
                                                                       **No. 1:03-cr-88 (02)**
ALBERTO RODRIGUEZ BENITEZ,

              Defendant-Movant.         :

1 : 0 4 CV 0 6 2 7
Robert Holmes Bell
Chief, U.S. District Judge

**Prisoner Number & Place of Confinement:**
Reg. No. 11377-040, USP Atwater
(Clerk of Court take note:  movant is represented by counsel)

## MOTION TO VACATE SENTENCE

**1.  Name and location of court which entered the judgment of conviction under attack.**  United States District Court, Western District of Michigan, Grand Rapids, Michigan (Bell, Ch.J.)

**2.  Date of judgment of conviction.**  Sentence imposed 8/27/03 ; Judgment signed and filed 8/28/03.

**3.  Length of Sentence.**  120 months' imprisonment, 4 years' supervised release, $10,000 fine, $200 special assessment.

**4.  Nature of offense involved (all counts)**  Count One:  Conspiring with others between in or about the year 2000 to on or about March 20, 2003, in violation of 21 U.S.C. § 846, to distribute more than 100 kilograms of marijuana, contrary to 21 U.S.C. § 841(a)(1),

Count Two:  Conspiring with others during that same time period, in violation of 18 U.S.C. § 1956(h), to conduct and attempt to conduct financial transactions (the delivery and receipt of money via Western Union) using the proceeds of the marijuana conspiracy, with the intent to promote the carrying on of that conspiracy, knowing that that money represented the proceeds of some form of unlawful activity (to wit, drug dealing), contrary to 18 U.S.C. § 1956(a)(1)(A)(i).

**5.  What was your plea? (Check one)**  Guilty

**6.  Kind of trial.**  N/A

**7.  Did you testify at the trial?**  N/A

**8.  Did you appeal from the judgment of conviction?**  No.

-1-

**9. If you did appeal, answer the following:** N/A

**10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or other motions with respect to this judgment in any federal court?** No.

**11. If your answer to 10 was "yes," give the following information:** N/A

**12. State concisely every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting the same.**

     **A. Ground one**: Mr. Benitez was deprived of his Sixth Amendment right to counsel at sentencing.

**Supporting FACTS (tell your story briefly without citing cases or law):** Benitez was deprived of his Sixth Amendment right to counsel at sentencing at the point the Court was considering the government's departure motion. During that phase, Mr. Benitez was not represented by counsel. Prior to considering the government's motion, the court had, at Mr. Benitez's request, relieved Mr. Benitez's counsel (John R. Beason, Esq.) of his duty to advocate for Mr. Benitez. While Mr. Benitez did not want to be represented by Mr. Beason, the Court had, in effect, relieved that counsel of his duty to advocate for Mr. Benitez, even though Mr. Benitez had not waived his right to counsel. Although Mr. Benitez was unhappy with Mr. Beason, he never expressed a desire to represent himself at sentencing. Quite the contrary – once he understood that the Court would be sentencing him without counsel, he asked that attorney Beason speak on his behalf. It is also clear that at that critical moment, Mr. Benitez had no attorney advocating for him. Although there is no need to demonstrate prejudice when a defendant is entirely deprived of counsel, there clearly was prejudice here, since there is a reasonable probability that the Court would have granted the four-level departure the government had requested, had defense counsel reminded the Court of this request and then explained why a four-level departure was appropriate.

**B. Ground two:** Mr. Benitez received ineffective assistance of counsel during the phase of the sentencing hearing for which he had counsel.

**Supporting FACTS (tell your story briefly without citing cases or law):** Had counsel asked the Court to reconsider the extent of the departure given that the government had requested four levels, or argue that at minimum the government's request for a four-level departure was a reason for the court to impose sentence at the low end of the range that resulted from the three-level departure the court decided to give, there is a reasonable probability that the court would have imposed a lower sentence.

**C. Ground three:** The Court imposed sentenced under a misapprehension of law, in violation of Mr. Benitez's Fifth Amendment Due Process rights.

**Supporting FACTS (tell your story briefly without citing cases or law):** Although the Court sentenced Mr. Benitez to a 120-month term of imprisonment, the judge never intended Mr. Benitez

to serve that entire term. The Court erroneously assumed that Mr. Benitez would be deported before he served the entire sentence. Sent. Tr. 13, 15. Had the Court realized that Mr. Benitez would never become eligible for a furlough and therefore never become eligible for an early deportation, the Court may well have imposed a lower sentence.

**D. Ground four:** In calculating the applicable sentencing guideline range, the Court violated Mr. Benitez's Fifth and Sixth Amendment rights as explicated in *Blakely v. Washington*, 542 U.S. – (2004), when it calculated Mr. Benitez's offense level based on finding facts which were not charged in the indictment and to which Mr. Benitez did not admit as part of his plea.

**Supporting FACTS (tell your story briefly without citing cases or law):** The Court calculated Mr. Benitez's guideline offense level based, in part, on the following facts to which Mr. Benitez did not admit in his plea agreement or during his plea colloquy: (1) Between 1,000 and 3,000 kilograms of marijuana, (2) possession of a gun, and (3) Mr. Benitez's leadership role in the offense. By adding offense levels, these facts increased the guideline range and thus the "statutory maximum."

**E. Ground five:** Ineffective assistance of sentencing and appellate counsel.

**Supporting FACTS (tell your story briefly without citing cases or law):** Following sentencing, counsel abandoned Mr. Benitez by failing to file a timely notice of appeal so as to protect his right to appeal.

**13. If any of the grounds listed in 12A, B, C, D, and E were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them.** Defendant was abandoned by counsel at the time a direct appeal could have been filed. Ineffective assistance of counsel. Novelty of the issues.

**14. Do you have any petition or appeal now pending in any court as to the judgment under attack?** No.

**15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:**

(a) **At preliminary hearing:**

(b) **At arraignment and plea:** Lawrence J. Phelan, 200 N. Division Ave., Grand Rapids, MI 49503 (arraignment); John R. Beason, 15 Ionia, SW, Suite 640, Grand Rapids, MI 49503

(c) **At trial:** N/A

(d) **At sentencing:** John R. Beason, 15 Ionia, SW, Suite 640, Grand Rapids, MI 49503

(e) **On appeal:** N/A

(f) **In any post-conviction proceeding:** N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding: N/A

**16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?** Yes.

**17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?** No.

WHEREFORE, for the foregoing reasons, the defendant prays that this Court:

a. Direct that an Answer be filed pursuant to Fed.R.Gov. § 2255 P. 4(b); and then, after hearing,

b. Vacate the defendant's sentence and resentence him.

Dated: _Sept. 16, 2004_

Respectfully submitted,
LAW OFFICES OF ALAN ELLIS

Local Counsel:

By: _Alan Ellis w/ permission_

TONYA L. KRAUSE-PHELAN
Bar No. P42056
96 Monroe Center, NW
Grand Rapids, MI 49503

(616) 458-2000

ALAN ELLIS
(Pennsylvania Bar No. 17430)
JAMES H. FELDMAN, JR.
(Pennsylvania Bar No. 36345)
50 Rittenhouse Place
Ardmore, PA 19003-2276

(610) 658-2255

<u>Attorneys for the Defendant-Movant</u>

The movant's verification as required by Fed.R.Gov. 2255 Proc. 2(b), will be submitted shortly.

-4-