UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERTO RODRIGUEZ BENITEZ,

       Movant,

                                                File No.  1:04-cv-627

v.

                                                HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.
_____/

**O P I N I O N**

This matter is before the Court on Movant Alberto Rodriguez Benitez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

On May 28, 2003, Movant pled guilty to one count of conspiracy to distribute more than 100 grams of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(vii), as well as one count of conspiracy to launder money in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h). *United States v. Fockler, et. al.*, Case No. 1:03-CR-88 (W.D. Mich. May 28, 2003) (Dkt. No. 90).  On August 27, 2003, Movant was sentenced to 120 months imprisonment, four years supervised release, a $10,000 fine, and a $200 special assessment. (*Id.* at Dkt. No. 129).  Movant did not appeal his sentence.  On September 17, 2004, Movant, with the assistance of counsel, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Dkt. No. 1.)

On March 14, 2005, the Court issued an opinion and order denying Movant's § 2255

motion on the merits and on the basis that it was untimely because the one-year statute of limitations had run on September 15, 2004. (Dkt. Nos. 9, 10.) On March 28, 2005, Movant requested reconsideration of the Court's judgment on the merits and on the basis that he was entitled to equitable tolling. (Dkt. No. 11.) The Court denied Movant's motion for reconsideration, but granted a certificate of appealability as to one claim, *i.e.* whether the record conclusively showed that Movant had counsel at every critical phase of his sentencing hearing. (Dkt. No. 15.) On appeal, the Sixth Circuit overturned the Court's dismissal of Movant's right-to-counsel claim on the merits, and remanded the matter to this Court to consider whether Movant was entitled to equitable tolling with respect to the late filing of his § 2255 motion. *Benitez v. United States*, 521 F.3d 625, 636 (6th Cir. 2008).

On June 19, 2008, in accordance with the Sixth Circuit ruling, the Court ordered the parties to submit briefing to address whether Movant is entitled to equitable tolling. (Dkt. No. 23.) The Court gave Movant thirty days to file his briefing, and gave the government twenty-eight days to file a responsive brief. (*Id.*) Movant filed his brief on July 28, 2009, seven days after the Court's deadline, without seeking leave to file after the deadline, and without explanation for failure to meet the deadline, other than that counsel was "only recently retained" by Movant's family. (Dkt. No. 25.) On August 15, 2008, the Court noted that counsel who filed the equitable tolling brief was part of the same law firm that represented Movant on appeal to the Sixth Circuit, and issued an order for Movant to show cause for his failure to meet the Court-ordered deadline. (Dkt. No. 26.) On August 20, 2008,

2

Movant responded to the order to show cause. (Dkt No. 27.) On September 8, 2008, after requesting additional time, the government responded to Movant's brief regarding equitable tolling. (Dkt. No. 29.)

## II.

Motions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations running from the latest of four possible dates. 28 U.S.C. § 2255(f). It is not disputed by the parties that Movant filed his motion on September 17, 2004, two days after the one-year statute of limitations had run. *See Benitez*, 521 F.3d at 629-30.

After review of Sixth Circuit and Supreme Court precedent, the Court notes that there is some uncertainty as to the appropriate test in this circuit for considering the equitable tolling of § 2255 motions. Both parties cite the five factors for equitable tolling originally set forth by the Sixth Circuit in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988):

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.* at 151; *see also Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (applying the *Andrews* factors to a § 2255 motion). In *Dunlap*, the Sixth Circuit expressly declined to adopt an "extraordinary circumstance" test that was applied in other circuits and that the Supreme Court had applied in a case involving employment discrimination, *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990). *Dunlap*, 250 F.3d at 1009. Subsequently, in *Pace v. Diguglielmo*, 544 U.S. 408 (2005), the Supreme Court applied the

3

"extraordinary circumstance" test from *Irwin* to the statute of limitations in 28 U.S.C. § 2244(d) for habeas petitions seeking relief from state court judgments. *Id.* at 418. The Court stated that, to establish equitable tolling, a litigant must show "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way." *Id.* at 418 (emphasis added). The Supreme Court reiterated this test in another § 2244 case, *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Since the Supreme Court's decisions in *Pace* and *Lawrence*, the Sixth Circuit has, in several § 2244 cases, simultaneously cited both the *Irwin* extraordinary circumstances test and the *Andrews* factors. *See, e.g., McSwain v. Davis*, 287 F. App'x 450, 455-56 (6th Cir. 2008); *Henderson v. Luoma*, 302 F. App'x 359, 361 (6th Cir. 2008). However, in recent § 2255 cases, the Sixth Circuit set forth only the *Andrews* factors, without reference to the Supreme Court's extraordinary circumstances test from *Pace* and *Lawrence*. *See, e.g., Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008); *Del Bosque v. United States*, 169 F. App'x 934, 936 (6th Cir. 2006). *But see United States v. Stone*, 68 F. App'x 563, 566 (6th Cir. 2003) ("[N]o extraordinary circumstances exist warranting equitable tolling of the one-year limitation period [for a § 2255 motion]."). The Court cannot ascertain any basis for applying different tests for equitable tolling under § 2255 and § 2244. The opinion in *Dunlap* itself discussed the statutes of limitations in §§ 2244 and 2255 interchangeably. 250 F.3d at 1004-06. Moreover, the Sixth Circuit's unpublished opinions in *McSwain* and *Henderson*, by citing both the "extraordinary circumstances" test and the *Andrews* factors, suggest that the two tests are not inconsistent.

4

And though it declined to adopt the "extraordinary circumstances" test, the court in *Dunlap* nevertheless agreed that equitable tolling should be granted "sparingly." 250 F.3d at 1008-09. Other Sixth Circuit cases note that the five factors in *Andrews* are "not comprehensive" and are not relevant in all cases. *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (quoting *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002)). In any event, in the instant case, the result is the same regardless of which test the Court uses.

Movant has the burden to show that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). In support of his argument for equitable tolling, Movant directs the Court to a declaration by Mr. James H. Feldman. (Dkt. No. 13, Feldman Declaration.) According to Feldman, in 2003 he was an associate for the Law Offices of Alan Ellis. Feldman states that in October 2003, almost a year before the statute of limitations had run, Movant's family hired Mr. Ellis' firm to research grounds for filing a § 2255 motion. Feldman was assigned to conduct the evaluation. Feldman correctly computed September 15, 2004, as the deadline for filing a timely § 2255 motion. Feldman prepared an evaluation that he sent to Ellis in April 2004, for review by Ellis and Movant. On July 23, 2004, Movant retained Ellis to prepare and file the § 2255 motion. Several weeks later, Ellis sent Movant a letter confirming that Ellis' firm had been retained and that the firm was working on the motion. The letter also requested that Movant sign the fee agreement. Ellis sent Feldman a copy of this letter. When Feldman received the letter, he did not add the September 15 deadline to his case calendar; he asserts that he may have

5

misunderstood the letter.  Other than exchanging a copy of the letter, Ellis and Feldman did not communicate any further about the motion until the morning of September 16, 2004, the day after the last day to file the § 2255 motion, when Ellis called Feldman to make sure the motion had been filed.  Feldman prepared the motion that day and it was filed the next day.  Feldman also asserts that "Mr. Ellis informed me that Mr. Benitez and his brother had called Mr. Ellis several times after July 23, but before September 15, 2004, to ensure that the § 2255 motion would be timely filed." (*Id.* at ¶ 6.)  Movant offers no other evidence or allegations regarding the circumstances of the untimely filing of his § 2255 motion other than what is stated in Feldman's declaration.

Applying the *Andrews* factors, the first, second and fifth factors do not weigh in Movant's favor.  There is no dispute that Movant and his attorneys had knowledge of the filing requirement and the applicable filing date at least as early as April 2004, well in advance of the deadline.  With respect to the third factor, there is evidence that Movant exercised some diligence in pursuing his rights by hiring an attorney and following up with phone calls as early as July 2004, though the government rightly suggests that Movant's allegations of making "several" calls over a three-month period leave the Court to speculate as to the extent of this diligence.  *See Ajazi v. Gonzales*, 216 F. App'x 515, 520 (6th Cir. 2007) (finding no abuse of discretion in the court's denial of equitable tolling of an immigration appeal where the appellant's affidavit "does not aver the dates and times that he contacted [his attorney], thereby leaving both the number and frequency of attempts to the

imagination"). Movant does not indicate when or how often the calls were made, or how Ellis responded to the calls. The Court does not know if Movant called several times on one day in July, or if Movant called several times a week every week until the deadline. Also, the Court does not know what Ellis communicated regarding the status of the motion. For instance, did Ellis communicate that the motion was already finished and filed, or did Ellis refuse to answer calls or give the impression that he might not complete the motion in time. Moreover, Movant does not explain why his attorneys needed six months, from October 2003 to April 2004, to prepare the initial evaluation, and why Movant waited an additional three months to hire his attorneys after the initial evaluation. Movant leaves the Court to guess as to the extent and nature of his diligence during the entire statute-of-limitations time period.

The Court also notes that Movant filed his brief regarding equitable tolling one week after the Court-ordered deadline. Movant's current counsel asserts that he sent a retention agreement to Movant's family on June 10, 2008, but that Movant's family did not agree to its terms until over a month later, on July 24, 2008, three days *after* the Court's deadline. Movant does not explain the reason for this delay, though Movant's counsel speculates that the retainer fee was the reason. (Dkt. No. 27, Movant's Resp. to Order to Show Cause 3.) The actions of Movant, through his family, do not inspire confidence in the Court with respect to Movant's diligence in pursuing habeas relief. In summary, Movant has not satisfied his burden to show that he has exercised diligence such that he is entitled to equitable tolling.[1]

---

[1] The fifth *Andrews* factor, the absence of prejudice, is considered only if other factors are met. *Dunlap*, 250 F.3d at 1009.

7

It is well established in this circuit and others that attorney mistake or error is generally not sufficient to warrant equitable tolling. *Elliot v. DeWitt*, 10 F. App'x 311, 312 (6th Cir. 2001) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)); *Whalen v. Randle*, 37 F. App'x 113, 120 (6th Cir. 2002); *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008); *Stanley v. McKune*, 133 F. App'x 479, 480 (10th Cir. 2005); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir.1999); *see also Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991) (noting that, absent a constitutional violation, a petitioner must "bear the risk of attorney error that results in a procedural default" in habeas proceedings) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

In *Lawrence*, the Supreme Court reasoned that an attorney mistake in calculating the limitations period would not warrant equitable tolling because "this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline." 549 U.S. at 336-37. Movant's circumstances are no different; Movant's sole basis for equitable tolling is that he and his attorneys were aware of but missed the filing deadline. This is the sort of "garden variety" claim of neglect for which equitable tolling is not warranted. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). ("[T]he principles of equitable tolling . . . do not extend to . . . garden variety claim[s] of excusable neglect.") (cited by *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005)).

Review of cases in which courts have granted equitable tolling based on attorney mistake or misconduct, including the cases cited by Movant, indicates that none of the facts

8

alleged by Movant distinguish his case from a "garden variety" claim. In *Griffin*, the court allowed equitable tolling of the statute of limitations under § 2244 because the applicable law was complex and uncertain and, thus, the petitioner and his counsel were reasonably ignorant of the filing requirements. 399 F.3d at 637. Movant makes no such claim here; Movant asserts that he and his counsel were aware of the correct filing deadline. Notably, the court in *Griffin* distinguished circumstances like Movant's, stating that "[e]quitable tolling might not be appropriate had Griffin's attorney been aware of a deadline and negligently failed to file on time . . . ." *Id*.

In the cases cited by Movant, courts from other circuits have held that equitable tolling is warranted where an attorney's conduct is sufficiently "egregious" to constitute extraordinary circumstances; however, Movant's case does not involve the particularly egregious conduct considered by the courts in those cases. *See Baldayaque v. United States*, 338 F.3d 145, 152-53 (2d Cir. 2003) (petitioner's attorney failed to file the petition, never met with the petitioner, conducted no legal research, and told petitioner's family that it was too late to file a petition); *Spitsyn v. Moore*, 345 F.3d 796, 801-02 (9th Cir. 2003) (petitioner's attorney was hired nearly a year in advance, but failed to prepare a petition, would not respond to numerous telephone calls and letters, and would not return petitioner's file upon request); *United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005) (petitioner's attorney lied to petitioner about the filing deadline and the status of the case, refused to communicate with petitioner, neglected to file any documents, and refused to return petitioner's paperwork despite repeated requests); *see also Cantrell v. Knoxville Cmty. Dev.*

9

*Corp.*, 60 F.3d 1177, 1180 (6th Cir. 1995) (petitioner's attorney may have been mentally unstable).

Movant's case is also distinguishable from *Solomon v. United States*, 467 F.3d 928 (6th Cir. 2006), in which the petitioner was aware of the deadline but was unable meet it because he was "impeded from completing his petition more than one month before it was due and one month thereafter because of his transfer to other facilities . . . ." *Id.* at 934.  In contrast, Movant does not allege that he was impeded from filing by circumstances outside of his control.  Movant argues that, like the petitioner in *Solomon*, he "was not sleeping on his rights," but that he was "taking steps he believed were necessary to craft his legal motion."  *Id.*  However, if hiring an attorney is sufficient to warrant equitable tolling, then claims of attorney negligence would warrant equitable tolling in every case.  In addition, Movant's vague allegations that he contacted his attorney several times during the months leading up to the filing deadline are insufficient to show due diligence.

Though the negligence and carelessness of Movant's counsel is regrettable and unfortunate, the Court is required to grant equitable tolling "sparingly," *Griffin*, 399 F.3d at 635; Movant has not alleged any facts that would place his case within an exception to the general rule that attorney mistake or a "garden variety" claim of neglect is insufficient to warrant equitable tolling.  *See Trapp v. Spencer*, 479 F.3d 53, 60 (1st Cir. 2007) ("If carelessness were an escape hatch from statutes of limitations, they would hardly ever bar claims.") (quoting *David v. Hall*, 318 F.3d 343, 346 (1st Cir. 2003)).  The fact that Movant's

filing was only two days late is not, in itself, sufficient to warrant equitable tolling. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

For the foregoing reasons, the Court determines that Movant is not entitled to equitable tolling with respect to the untimely filing of his § 2255 motion, and therefore his motion must be dismissed. An order will be entered that is consistent with this opinion.

Dated: April 14, 2009                                /s/ Robert Holmes Bell
                                                                  ROBERT HOLMES BELL
                                                                  UNITED STATES DISTRICT JUDGE